IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-02627-JLK**

**BARBARA M. FOX,**

   Plaintiff,

v.

**MATT GREEN,
LEO SHIFRIN,
MORTGAGE PLANNING & LENDING SPECIALISTS,**

   Defendants.

---

## ORDER REMANDING TO STATE COURT

---

Judge John L. Kane **ORDERS**

  This matter is before me on pro se Defendant Matt Green's Notice of Removal (Doc. 1). The Notice purports to remove a C.R.C.P. 16.1 Simplified Procedure Complaint filed by pro se Plaintiff Barbara M. Fox against Green in the County Court for Arapahoe County, Colorado. The Complaint, seeking $11,875.35 from Green, an individual named Leo Shifrin and an entity identified as Mortgage Planning and Lending Specialists, consists of hand-written entries on a one-page Simplified Procedures form. The Summons, submitted with the Complaint in accordance with D.C.COLO.LCiv.R 81.1, omits Shifrin as a Defendant, and there is no proof of service as to any of the Defendants.

  No cause of action is specified in the Complaint, and the sum total of Plaintiff's allegations are that Plaintiff seeks an amount of $11, 875.35 from "Matt Green and Leo Shifrin, Mortgage Planning & Lending" and that such claim arises from the "origination and misrepresentation of fraudulent mortgage loan on May 17, 2006 that resulted in Plaintiff losing equity in home." In addition, Plaintiff marked an "x" in the box indicating she does not demand a jury trial. These statements form the entirety of Plaintiff's Complaint.

  The Notice, filed solely on behalf of Green, characterizes Plaintiff's fraudulent mortgage claim as one arising under the Federal Truth in Lending Act, 15 U.S.C. § 1632 *ff*., such that removal is appropriate under 28 U.S.C. § 1331. Green offers no basis for

the assertion, and none is apparent from the face of Plaintiff's pro se Complaint. Because Green has failed to establish the existence of federal jurisdiction, the matter is subject to remand.

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. 1441(a). "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). It is the obligation of the removing defendant to establish that the jurisdictional prerequisites for removal are met. *See Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (applying principle in diversity jurisdiction case)(citing *Laughlin* at 873). Because the court is unable to determine from the face of the Notice or the state court documents attached that federal jurisdiction over Plaintiff's pro se fraudulent mortgage loan claim exists, the matter is REMANDED to the County Court for Arapahoe County, Colorado.

---

Dated: January 7, 2008